1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| LINDA ELIZABETH RICCHIO,      ) <br>             Petitioner,    ) <br> v.                               ) <br> DEBORAH K. JOHNSON, Warden, ) <br>            Respondent.   ) <br> _____ ) | Civil No. 15-CV-0697-BEN (WVG) <br><br> ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL <br><br><br> [DOC. NO. 19] |

18

## I. <u>BACKGROUND</u>

19      On March 30, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, challenging

20   her continued incarceration beyond her minimum eligible parole date of 2005.  (Doc. No. 1.)

21   Specifically, Petitioner alleges that her 2007 parole hearing, her 2011 parole hearing, and the

22   2012 denial of her petition to advance a future parole hearing date, were all based upon

23   material which was later order expunged and redacted under the settlement terms of her 42

24   U.S.C. § 1983 action.  (Doc. No. 1 at 39.)  Petitioner requests that this matter be remanded

25   to the California Board of Parole Hearings ("Board") for a new parole-suitability hearing,

26   with the expunged and redacted materials removed from her Central File ("C-file") prior to

27   that hearing.  <u>Id.</u>  Petitioner requests that her attorney have full access to her C-file in

28   addition to "whatever Orders are appropriate for institutional security."  <u>Id.</u>

On June 19, 2015, Respondent filed a Motion to Dismiss the Petition, and lodged with the Court documentation relating to the first, second, and third rounds of Petitioner's state habeas review, and documentation relating to Petitioner's first round of federal habeas review.  (See Doc. Nos. 9, 10, 13.)  Specifically, Respondent contends that Petitioner's claims are successive, time-barred, unexhausted, procedurally defaulted, not ripe for habeas review, and fail to state a cognizable habeas corpus claim.  (Doc. No. 9 at 7.)

On July 24, 2015, Petitioner filed an Opposition to Respondent's Motion to Dismiss.  (Doc. No. 17.)  On the Court's docket, Petitioner is represented by Mr. Charles Khoury.  Mr. Khoury is listed as the pro bono attorney for Petitioner on the Petition, Motion to Stay Habeas Proceeding, Opposition to Respondent's Motion to Dismiss, and the instant Motion to Appoint Counsel.  (Doc. Nos. 1, 14, 17, 19.)

## II. MOTION TO APPOINT COUNSEL

On July 25, 2015, Petitioner filed the instant Motion to Appoint Counsel.  (Doc. No. 19.)  Petitioner brings the Motion pursuant to 18 U.S.C. § 3006A.  Id. at 2.  In her Motion, drafted and filed by her attorney, Petitioner asserts that she is indigent, and that the issues raised in her Petition are novel and complex.  Id.  In a Declaration attached to her Motion, Petitioner states that Mr. Khoury has represented her in a pro bono capacity.  (Doc. No. 19-1 at 2.)  She asserts that Mr. Khoury has "generously interacted with the legal representatives of the lawsuit over the past three years, and the Federal Magistrate in securing accurate information in preparing for this and previous petitions."  Id.  Petitioner states that this habeas petition is directly linked to a civil rights action she brought under 42 U.S.C. § 1983, and that "[t]he civil complaint representatives have invested numerous man hours, also pro bono on [her] behalf, in assisting Mr. Khoury be (sic) provided with the necessary information and documentation to provide for habeas."  Id. at 3.

## III. APPLICABLE LAW AND DISCUSSION

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.

...

1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.  In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims.  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." Abdullah, 18 F.3d at 573 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Because these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court.  Here, Petitioner challenges the state courts' denial of her federal claims regarding

15CV0697

the Board's 2011 decision finding her unsuitable for parole, and the Board's 2012 decision denying her petition to advance her next parole consideration hearing.  Petitioner also challenges the California Court of Appeal's application of a state procedural bar to her claims challenging the 2011 parole decision.

According to Respondent's Motion to Dismiss, on October 19, 2011, Petitioner challenged the Board's 2011 parole denial decision in the San Diego County Superior Court in a pro per habeas petition.  (Lod. No. 2 – San Diego County Super. Ct. Pet., Case No. HCN1196.)  On January 26, 2012, Petitioner filed a pro per habeas petition raising the same claims in the California Court of Appeal.  (Lod. No. 3 – Cal. Ct. of Appeal Pet., Case No. D061312.)  On March 24, 2012, Petitioner filed a pro per habeas petition raising the same claims in the California Supreme Court.  (Lod. No. 6 – Cal. Supreme Ct. Pet., Case No. S201414.)  On March 14, 2012, Petitioner petitioned the Board to advance her next parole hearing date.

On June 2, 2012, Petitioner filed a pro per petition for writ of habeas corpus with the San Diego County Superior Court asserting that the Board's 2012 decision to deny her petition to advance violated her due process rights.  (Lod. No. 8 – San Diego County Super. Ct. Pet., Case No. HCN1234.)  On December 24, 2012, Petitioner filed a pro per habeas petition in the California Court of Appeal raising the same claims that she raised in the superior court.  (Lod. No. 10 – Cal. Ct. of Appeal Pet., Case No. D063229.)  At that point, the California Court of Appeal issued an order to show cause, appointed counsel, and directed a supplemental petition to address "whether the application of 'Marsy's Law' violated ex post facto principals."  (Lod. No. 11 – Order to Show Cause, dated Feb. 14, 2013, Case No. D063229.)

On August 5, 2014, Petitioner filed a pro per petition for writ of habeas corpus in the San Diego County Superior Court, again challenging the Board's 2012 denial of her petition to advance.  (Lod. No. 16 – San Diego County Super. Ct. Pet. & Supp. Pets., Case No. HCN1362.)  On December 2, 2014, Petitioner filed a pro per petition for writ of habeas corpus in the California Court of Appeal alleging that her rights were violated because her

15CV0697

prison file contained expunged material that was considered by the Board to deny her parole, and that denying her parole resulted in a disproportionate sentence as compared to other similar offenders. (Lod. No. 18 – Cal. Ct. of Appeal Pet., Case No. D067098.) On January 27, 2015, Petitioner filed a pro per petition for writ of habeas corpus with the California Supreme Court alleging that the Board violated her due process and equal protection rights when the Board refused her access to confidential information, and when the Board considered expunged documents at her 2007 and 2011 parole hearings. (Lod. No. 20 – Cal. Supreme Ct. Pet., Case No. S224207.) Petitioner also challenged the Warden's 2014 transfer decision. Id.

On July 27, 2012, Petitioner filed a pro per petition for writ of habeas corpus challenging the Board's 2011 decision to deny her parole in the United States District Court for the Eastern District of California. (Lod. No. 22 – Federal Habeas Pet., U.S.D.C., Eastern Dist. of Cal., Case No. 1:12-cv-01318-LJO-DLB.) Petitioner alleged three grounds for relief: (1) the Board's May 11, 2011 decision to deny her parole was not supported by any evidence of current dangerousness as required by due process because the Board relied on false and inaccurate information that was later ordered expunged from her file; (2) the Board violated her due process rights at her 2007 and 2011 parole hearings when it arbitrarily relied on investigative reports maintained in her confidential file; and (3) the Board's application of Marsy's Law at her 2007 and 2011 parole hearings violated the Ex Post Facto Clause.

In the Motion to Dismiss the instant Petition, Respondent states that, to her knowledge, the instant Petition is Petitioner's second federal habeas petition challenging the Board's 2011 parole denial decision, and her first federal habeas petition challenging the Board's 2012 decision denying her petition to advance. (Doc. No. 9 at 14.)  It appears that Petitioner has sufficiently represented herself to date.  Under such circumstances, appointment of counsel is not warranted at this point in the litigation.

Counsel filed Petitioner's instant habeas Petition. (Doc. No. 1.) The Court's briefing schedule also ordered Petitioner, at the time the opposition was filed, to lodge with the Court

15CV0697

any records not lodged by Respondent which Petitioner believed may be relevant to the Court's determination of the motion. (Doc. No. 5 at 2.) Counsel attached Lodgment No. 23 to Petitioner's Opposition. (Doc. Nos. 17, 17-1.) The habeas Petition has been fully briefed, and Petitioner is not required to submit any additional documentation to the Court.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." <u>Knaubert</u>, 791 F.2d at 729; <u>Richmond v. Ricketts</u>, 774 F.2d 957, 961 (9th Cir.1985); <u>Rhinehart v. Gunn</u>, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); <u>Turner v. Chavez</u>, 586 F.2d 111, 112 (9th Cir.1978) (per curiam). Even when the district court accepts a state court's factual findings, it must render an independent legal conclusion regarding the legality of a petitioner's incarceration. <u>Miller v. Fenton</u>, 474 U.S. 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate review. <u>Hayes v. Kincheloe</u>, 784 F.2d 1434, 1436 (9th Cir. 1986).

The assistance counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." <u>Knaubert</u>, 791 F.2d at 729. However, as the court in <u>Knaubert</u> noted: "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." <u>Id.</u> (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)). Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record and render an independent legal conclusion." <u>Id.</u> Moreover, because the Court does not appoint counsel, it must "inform itself of the relevant law. Therefore, the <u>additional</u> assistance provided by attorneys, while significant, is not compelling." <u>Id.</u> (emphasis in original).

If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c), 28 U.S.C. foll. § 2254; <u>see</u> <u>Wood v. Wainwright</u>, 597 F.2d 1054 (5th Cir. 1979). In addition, the Court may appoint counsel for the effective utilization of

15CV0697

any discovery process. Rule 6(a), 28 U.S.C. foll. § 2254. For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel.

After reviewing Petitioner's Motion to Appoint Counsel, it is unclear whether Petitioner is asking the Court to appoint Mr. Khoury as pro bono counsel, or if she is asking the Court to appoint Mr. Khoury as counsel paid by public funds. In the instant Motion, Petitioner asks that Mr. Khoury be appointed pursuant to 18 U.S.C. § 3006A. (Doc. No. 19 at 2.) Section 3006A, titled "Adequate Representation of Defendants," states that appointment of counsel under this Section "may be made retroactive to include any representation furnished pursuant to the plan prior to appointment." 18 U.S.C. § 3006A(b). Section 3006A includes a subsection about payment for representation. 18 U.S.C. § 3006A(d). Subsection (d) discusses counsel's hourly rate, maximum amounts, and the disclosure of fees. Specifically, Section 3006A(d)(1) states in part,

> Any attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate judge and for time expended out of court.

18 U.S.C. § 3006A(d)(1).[1]

//

//

//

//

//

//

---

[1] Section 3006A(d)(1) authorizes the Judicial Conference to raise the maximum hourly rates specified in this paragraph. The current pay rate for Criminal Justice Act ("CJA") attorneys practicing in the Southern District of California are listed on the CJA Fact Sheet on this Court's website.

To the extent Petitioner is requesting that Mr. Khoury be appointed as pro bono counsel, and since he has been acting in that capacity, Petitioner's Motion is GRANTED. However, the Court finds that Petitioner has failed to show that the interests of justice require the appointment of counsel in this habeas action, and therefore, to the extent Petitioner is requesting that the Court appoint Mr. Khoury to represent Petitioner in this action as paid counsel of record, Petitioner's Motion is DENIED without prejudice.

IT IS SO ORDERED.

DATED:  August 21, 2015

Hon. William V. Gallo
U.S. Magistrate Judge

8

15CV0697