FILED

FEB 0 3 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELIZABETH RICCHIO,<br>Petitioner,<br><br>v.<br><br>DEBORAH K. JOHNSON, Warden,<br>Respondent. | Case No.: 15-cv-697 BEN (WVG)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>**(2) GRANTING MOTION TO DISMISS** |

On March 30, 2015, Petitioner Linda Elizabeth Ricchio filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On June 19, 2015, Respondent filed a Motion to Dismiss, to which Petitioner filed an Opposition. (Docket Nos. 9, 17.) On September 11, 2015, Magistrate Judge Gallo issued a thorough and thoughtful Report and Recommendation, recommending that Respondent's Motion be granted and that the Petition be dismissed. (Docket No. 21.) Petitioner filed Objections. (Docket No. 24.) For the reasons stated below, the Motion to Dismiss is **GRANTED** and the Petition is **DISMISSED**.

///
///

# BACKGROUND

Petitioner was convicted of murder in 1989. She was sentenced to twenty-seven years-to-life in prison.

On May 11, 2011, the Board of Parole Hearings held a hearing to determine whether Petitioner should be released on parole. (Petitioner had previously been denied parole in 2007.) The Board denied parole and deferred Petitioner's next parole consideration hearing for seven years.

During the 2011 hearing, the Board heard testimony from Petitioner, discussed her time and rehabilitation in prison, and read letters in support of her release. The Board also reviewed information from Petitioner's confidential file. Petitioner objected to the use of such information because it had not been made available to her attorney, and because some of the information was untrue.

On October 19, 2011, Petitioner filed a petition for habeas relief in state court, challenging the denial of parole. The superior court denied the petition, holding that "some evidence" supported the Board's decision. Petitioner filed an appeal, which was also denied. Petitioner appealed to the California Supreme Court, which summarily denied her appeal on June 20, 2012.

On March 14, 2012, while the appeal was pending, Petitioner submitted a request for an advanced parole hearing with the Board. Two weeks later, on March 29, 2012, Petitioner reached a settlement in a separate federal civil rights action, where the parties agreed to redact and expunge some of the documents in Petitioner's confidential file. In addition, a Deputy Attorney General wrote a letter to the Board recommending it advance Petitioner's next parole hearing. On March 30, 2012, the Board denied Petitioner's request for an advanced hearing date, concluding there was no new information provided to support the request.

Petitioner filed another petition for writ of habeas corpus in state court on June 2, 2012, challenging the Board's denial of an advanced hearing. The superior court denied the petition on December 6, 2012. Petitioner appealed to the California Court of Appeal

and Supreme Court. The Court of Appeal denied her petition on April 2, 2014. The Supreme Court denied her petition on June 25, 2014.

Petitioner filed the instant action on March 30, 2015. She argues that the Board's 2011 denial of parole violated her right to due process, right to counsel and right to confrontation. She also argues that the 2012 denial of an advanced hearing violates her due process rights.

## STANDARDS OF REVIEW

### I.  Report and Recommendation

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which the petitioner objected. 28 U.S.C. § 636(b)(1).

### II.  Petition for Writ of Habeas Corpus

A Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 337 (1997). AEDPA states that a habeas petition will not be granted with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A federal court engages in extraordinarily deferential review of the state court's determination, and only looks to see whether the state court's decision was objectively unreasonable. *See Yarbrough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). When there is no reasoned decision from the state's highest court, the court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).

The Supreme Court has stated that a federal habeas court "may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law

set forth in our cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted). Relief under the "unreasonable application" prong is only granted where the governing law was correctly identified, but was applied to the facts in an "objectively unreasonable manner." *Id.*

## DISCUSSION

The Court performed a *de novo* review of the entire record in this matter.

### I.  Denial of Advanced Hearing

Petitioner argues that the Board's denial of her request for an advanced parole hearing was a violation of due process under the Fourteenth Amendment. (Pet. 31.) She asks this Court to order that a parole hearing be scheduled as soon as possible. Respondent argues that this claim must be dismissed because Petitioner is not entitled to relief under section 2254. Petitioner cited no authority in opposition to Respondent's argument. (Opp'n at 6-7.)

In her Petition, Petitioner relies on *Swarthout v. Cooke*, 562 U.S. 216 (2011), to assert a due process violation. In *Swarthout*, the Supreme Court addressed what substantive federal rights, if any, were available to a state prisoner denied parole. The Supreme Court concluded that a prisoner receives adequate due process at a parole hearing when he is "allowed an opportunity to be heard and [is] provided a statement of the reasons why parole [is] denied." *Id.* at 220. Federal habeas relief does not lie for errors of state law. *Id.* at 219. Evident from the opinion, *Swarthout* did not address the denial of an advanced hearing request. *See Bell*, 535 U.S. at 694.

As stated by the United States Supreme Court in 2011, there is "no case . . . in which the [Supreme] Court has recognized habeas as the sole remedy, or *even an available one*, where the relief sought would 'neither terminate custody, accelerate the future date of release from custody, . . . nor reduce the level of custody.'" *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)) (emphasis added). Even in 2016, this Court is not aware of any Supreme Court authority

that the Board unreasonably applied, or a decision that is clearly to the contrary. Instead, it is clear that Petitioner's claim, which does not "necessarily spell speedier release," does not lie at the "core of habeas corpus." *Dotson*, 544 U.S. at 82.

Under the "extraordinarily deferential review" required, Petitioner is not entitled to federal habeas relief for the denial of an advanced hearing request. Accordingly, the State's Motion to Dismiss is **GRANTED**.

## II.   2011 Denial of Parole

Petitioner argues that her Petition is not time barred because the statute of limitations did not begin to run until June 25, 2014—the date that the California Supreme Court denied her second round of state habeas petitions.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), a state prisoner seeking a writ of habeas corpus in federal court has one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" to file a petition. "The time during which a properly filed application" for relief in state court will be tolled. § 2244(d)(2).

The Board denied Petitioner parole on May 11, 2011. That decision became final on September 8, 2011. *See* Cal. Penal Code § 3041(b). Petitioner's first state habeas petition (filed October 19, 2011) challenged her denial of parole. The California Supreme Court denied the first petition on the merits on June 20, 2012. Petitioner's second state habeas petition (filed June 2, 2012) challenged the Board's denial of her request for an advanced hearing date. The California Supreme Court denied the advanced hearing issue on the merits on June 25, 2014.

From the date the Board's decision became final (September 8, 2011) to the date the California Supreme Court issued a decision on Petitioner's state petition (June 20, 2012), 286 days passed. Those 286 days are tolled. Over two years has passed since then—well over the time allotted to seek federal relief on those claims. The statute of limitations expired on June 20, 2013. Accordingly, claims arising out of Petitioner's 2011 denial of parole are barred by the statute of limitations.

The claims arising out of the 2011 parole denial are therefore **DISMISSED** as untimely.

### III. Ineffective Assistance of Counsel and Confrontation Claims

Petitioner argues that her claims of ineffective assistance of counsel and confrontation have been exhausted and are not procedurally barred. Petitioner, in her first round of state petitions, raised the factual basis before the court, stating: "the Board relied on confidential information not provided to petitioner or her attorney to deny parole suitability." (Objections at 5; *see* Lodgment No. 1.)

To satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). To "fairly present" a claim, a petitioner must provide the state court with a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted).

The Court agrees that the state courts had fair opportunity to address Petitioner's claims, and that the claims are exhausted. However, the claims are also untimely. Petitioner had reason to know of the factual predicate of her claims at the time the 2011 denial of parole became final (September 8, 2011). *See* 28 U.S.C. § 2244(d)(1)(D). As mentioned above, the time to bring a federal habeas petition based upon claims arising out of the 2011 parole decision passed long ago. Accordingly, the claims are **DISMISSED** as untimely.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. In this case, the Court finds that Petitioner did not make a substantial showing of the denial of a constitutional right, the issues are not debatable among jurists of reason, and a court could not resolve the issues in a different manner. *See Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003). The Court therefore **DENIES** a certificate of appealability.

## CONCLUSION

The Court **GRANTS** Respondent's Motion to Dismiss. The Petition is **DISMISSED**. A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: 2/2, 2016

Hon. Roger T. Benitez
United States District Judge